**Chris CHERRY, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY, Defendant–Appellee.**

No. 11–2223–cv.

United States Court of Appeals, Second Circuit.

July 9, 2012.

Chris Cherry, Brooklyn, N.Y., pro se.

Kristen Nolan, New York City Transit Authority, Brooklyn, N.Y., for Appellee.

PRESENT: AMALYA L. KEARSE, ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Chris Cherry, *pro se,* appeals from the district court's memorandum and order, dated April 8, 2011, denying his motion to re-open, which was construed by the district court as a motion seeking relief under Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Cherry does not advance any coherent argument on appeal as to why the district court erred in refusing to grant his motion. *See LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995) (noting that while "appellate courts generally do not hold *pro se* litigants rigidly to ... formal briefing standards," "we need not manufacture claims of error for an appellant proceeding *pro se* ").

We note only that while Federal Rule of Civil Procedure 60(b) permits a "court [to] relieve a party ... from a final judgment" under certain circumstances, a claim that a judgment should be set aside because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

under Rule 59(b)," or "misconduct by an opposing party" must be made "no more than a year after the entry of the judgment." Fed.R.Civ.P. 60(b), (c). Cherry's motion to re-open was filed more than seven years after the judgment against him was entered.

Accordingly, the order of the district court is hereby **AFFIRMED,** and the motion for appointment of counsel is **DENIED.**